UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA     )
     )
     )
v.     )     No. 2:06-cr-27
     )     JUDGE EDGAR
     )
RANDALL WAYNE MCLEOD, SR.     )
     )

**MEMORANDUM**

In this criminal misdemeanor case the United States Magistrate Judge (herein "Magistrate Judge") sentenced defendant Randall Wayne McLeod, Sr. to the custody of the United States Bureau of Prisons for a term of six months; placed him of supervised release for one year thereafter; fined him $1,000; and ordered him to pay $15,300.28 in restitution.  McLeod had pleaded guilty pursuant to a plea agreement to a violation of 50 U.S.C. App. § 531 (a)(1)(A), (a)(3), and (c)(1) - Unlawful Eviction of Dependents of a Servicemember Without Court Order.

McLeod now timely appeals his sentence to this District Court pursuant to Fed. R. Crim. P. 58(g).  The appeal is confined to the issue whether the Magistrate Judge ordered the proper amount of restitution.  This Court has heard oral argument on the appeal.  For the reasons stated in this memorandum opinion, the decision of the Magistrate Judge is **AFFIRMED.**

I.    **FACTS**

The essential facts are not in dispute.  In September 2004, and at all relevant times thereafter, Kevin Flessert was on active duty in the U.S. Army.  He and his wife, Kristina, rented a residence

in Wilson, Michigan, for Kristina and the couple's two children, while Kevin was away on military duty. Kristina was then pregnant with their third child. The rent for October and November 2004 was paid in advance. During the month of November 2004, Kristina traveled to visit relatives in Wisconsin. During this trip she encountered problems with her pregnancy, and was unable to return to the home in Wilson. When the December 2004 rent was a mere 12 days late, McLeod returned to Wilson from his residence in Arizona; threw all of the Flesserts' belongings out of the house; and padlocked it. This was all accomplished without any court order. The entire lot of personal belongings have disappeared. McLeod knew that Kevin was elsewhere on active duty with the U.S. Army.

The Flesserts filed a civil suit against McLeod in the District Court in Menominee, Michigan; and on March 31, 2006, they received a default civil judgment against McLeod in the amount of $15,300.28 for the value of their lost property, relocation expenses, and court costs. This debt was discharged on June 18, 2007, in a bankruptcy proceeding filed by McLeod. In the meantime, however, McLeod. on May 17, 2007, pled guilty to the Class A misdemeanor in the instant case pursuant to a plea agreement. The plea agreement provided, among other things, that "The defendant agrees to make full restitution to the victims of his crime for the losses he caused."

## II.    ANALYSIS

This Court, which is effectively the appellate court in this misdemeanor case, reviews the sentencing decision of the Magistrate Judge for abuse of discretion. *Gall v. United States*, 128 S Ct. 586, 594 (2007). This standard of review also clearly applies to a sentencing court's decision on the amount of restitution. *United States  v. White*, 492 F.3d 380, 414 (6th Cir. 2007); *United States v. Wood*, 364 F.3d 704, 714 (6th Cir. 2004). The abuse of discretion standard is deferential to the

sentencing court.  There was no abuse of discretion here unless this Court achieves "a definite and firm conviction that the trial court [here the Magistrate Judge] committed a clear error of judgment." *Paschal v. Flagster Bank*, 297 F. 3d 431, 434 (6th Cir. 2002) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).  An abuse of discretion exists when the trial court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.  *Paschal*, 297 F. 3d at 434.

_____McLeod's contentions on appeal have changed from time to time.  At oral argument his position was that, based on the discretionary restitution statute, (18 U.S.C. § 3663), the Magistrate Judge could only have ordered restitution in the amount of $8,240.00, the value of the Flesserts' lost property.  18 U.S.C. § 3663(b)(1).  In actuality, however, the crime of which McLeod was convicted falls under neither the discretionary restitution statute (18 U.S.C. § 3663), nor the mandatory restitution statute (18 U.S.C. § 3663A).  No crimes under Title 50 of the United States Code are mentioned in either of these statutes.

Instead, we are here left with the terms of the plea agreement.  In the plea agreement, McLeod promised "to make full restitution to the victims for the losses he caused."  The Magistrate Judge was advised that the Flesserts had obtained a Michigan state court judgment against McLeod in the amount of $15,300.28 for the losses inflicted upon them.  McLeod did not contest the civil case, nor the entry of the state judgment.  The state court obviously concluded that the Flesserts' relocation costs, as well as the value of their property, were a part of the losses incurred by them. [1]

Plea agreements are contracts.  In interpreting and enforcing plea agreements, the federal courts use traditional principles of contract law.  *United States v. Robison*, 924 F.2d 612, 614 (6th

_____

[1]  The Flesserts sought, but were not awarded, treble damages in the state case.

Cir 1991); *see also, Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004).  In the plea agreement, the parties clearly reached a "meeting of the minds" that McLeod was to make full restitution to the Flesserts "for the losses he caused."  The Magistrate Judge did not err, much less commit an abuse of discretion, by holding McLeod to his promise, and ordering restitution in the amount of $15,300.28, the amount of the state court judgment, which embodied those losses.[2]

Accordingly, a separate order will enter affirming in its entirety the judgment of conviction entered by the Magistrate Judge in this case on September 19, 2007. [Doc. No. 33].

Dated: January 9, 2008.

*/s/ R. Allan Edgar*

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

---

[2]  Even if, as McLeod contends, restitution is here governed by 18 U.S.C. § 3663, that statute clearly provides that "The Court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3).

4